UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL BRUCE KLEVERING,

       Plaintiff,

v.

UNKNOWN PARTY #1 et al.,

       Defendants.

_____/

Case No. 1:24-cv-1225

Honorable Jane M. Beckering

## ORDER LIFTING STAY AND FOR SERVICE

This is a prisoner civil rights action. The Court previously reviewed the complaint under 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e(c), to determine whether it was frivolous, malicious, failed to state a claim upon which relief could be granted or sought monetary relief against a defendant that was immune from such relief. The Court then referred the case to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program and entered an order staying the case for any purpose other than mediation. Thereafter, this case was removed from the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program because not all defendants entered a limited appearance within the deadline set by the Court. Accordingly,

**IT IS ORDERED** that the stay of this proceeding that was entered to facilitate the mediation is **LIFTED**.

**IT IS FURTHER ORDERED** that because the Court granted Plaintiff leave to proceed *in forma pauperis* in an order entered on December 30, 2024, (ECF No. 5), Plaintiff is responsible for paying the entire $350.00 filing fee in installments, in accordance with 28 U.S.C. § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled in other part by*

*LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). Plaintiff must pay the filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. *See* 28 U.S.C. § 1915(b)(2). Accordingly, each month that the amount in Plaintiff's trust account exceeds $10.00, the agency having custody of Plaintiff shall collect 20 percent of the preceding months' income and remit that amount to the Clerk of this Court. The agency shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee is paid.

**IT IS FURTHER ORDERED** that the 90-day period for service set forth in Federal Rule of Civil Procedure 4(m) shall run, starting with the date of this order.

**IT IS FURTHER ORDERED** that the Clerk shall forward the complaint to the U.S. Marshals Service, which is authorized to mail a request for waiver of service to Defendant Corrections Officer Christopher Moe[1] in the manner prescribed by Fed. R. Civ. P. 4(d). If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that Defendant shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent. Until so ordered by the Court, Defendant is not required to file an answer or motion in response to the complaint,

---

[1] Plaintiff's allegations are also sufficient to warrant service on Defendants Unknown Parties #1, 3, and 4; however, the Court is unable to order service on these Defendants at this time because Plaintiff has not provided sufficient information to identify them. Although the United States Marshals Service is expected to make a reasonable effort to serve identified Defendants on behalf of plaintiffs proceeding *in forma pauperis*, the Marshals Service is not required to identify the individuals to be served. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) ("[W]hen a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants . . . once reasonable steps have been taken to identify for the court the defendants named in the complaint." (emphasis added)).

and no default will be entered for failure to do so. *See* 42 U.S.C. § 1997e(g)(1). After Defendant has filed an appearance, the Court will enter a case management order to govern further proceedings in this case.

Dated:   February 11, 2025                              /s/ Ray Kent
                                                        Ray Kent
                                                        United States Magistrate Judge

**SEND REMITTANCES TO**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.**